**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4017**

———————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

ANDREW DAVID OWENS,

           Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:13-cr-00069-F-1)

———————

Submitted: August 31, 2015      Decided: September 24, 2015

———————

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Daniel Johnson, Drew Nelson, WILLIS JOHNSON & NELSON PLLC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew David Owens pled guilty to failure to register as a sex offender, in violation of 18 U.S.C. § 2250 (2012), and was sentenced to 41 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Owens' sentence is reasonable. Owens has submitted letters that we construe as his pro se brief. Owens alleges that his plea was involuntary, the district court judge was biased, his extradition to North Carolina was unlawful, he could not be convicted of this offense in North Carolina because the state has not enacted the Sex Offender Registration and Notification Act (SORNA), and assorted claims of ineffective assistance of counsel. We affirm.

Although Owens claims that his plea was coerced, his sworn statements at the plea hearing clearly belie his claim. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Owens' claim of judicial bias also is without merit, as he has failed to identify any act of the district court demonstrating bias. Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). As

2

a result of his guilty plea, Owens waived his claim regarding the transfer from Pennsylvania to North Carolina. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Additionally, Owens' challenge regarding SORNA's application in North Carolina is foreclosed by our decision in United States v. Gould, 568 F.3d 459 (4th Cir. 2009).

Turning to Owens' sentence, we review it for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51.

If there are no procedural errors, we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." Id. at 51. In the case of a sentence above the applicable Guidelines range, we take into account "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing

3

range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). However, we give due deference to the sentencing court's decision because that court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for . . . [its decision]." United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011).

We discern no error in Owens' sentence. As to procedural reasonableness, the district court properly calculated Owens' Guidelines range, considered the parties' arguments, allowed Owens an opportunity to allocute, and provided an individualized explanation for the sentence it imposed, grounded in the § 3553(a) factors. Further, the sentence is substantively reasonable as the court's decision to depart and the four-month upward departure were well-reasoned, relying explicitly on U.S. Sentencing Guidelines Manual § 4A1.3(a)(1) (2014), and the facts from Owens' undisputed presence report.

Finally, Owens raises a variety of ineffective-assistance-of-counsel claims. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective-assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).

4

Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no demonstrated evidence of ineffective assistance of counsel on the face of the record, these claims should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Owens, in writing, of his right to petition the Supreme Court of the United States for further review. If Owens requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Owens.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED